**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEXIS SANCHEZ-GARCIA,** | ) | **CASE NO. 4:25 CV 2736** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **WARDEN IAN HEALY** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

*Pro se* petitioner Alexis Sanchez-Garcia, a federal prisoner currently incarcerated at FSL Elkton, filed the present Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the determination by the Bureau of Prisons ("BOP") that he is ineligible to apply earned time credits under the First Step Act ("FSA") because he is subject to a Final Order of Removal. (Doc. No. 1).

In 2024, Petitioner was convicted of conspiracy to possess a controlled substance on board a vessel subject to the jurisdiction of the United States and sentenced to 70 months imprisonment. (*See* Doc. No. 1) ((D.V.I. No. 3:21-CR-00020, Doc. Nos. 159, 197). Petitioner alleges that he has earned 225 days of FSA credits and the BOP is improperly denying him application of those credits. (Doc. No. 1 at 6-7).

According to the Petition, Petitioner exhausted his administrative remedies. Prison staff determined that Petitioner was ineligible to apply time credits because he is subject to a final order of removal. (Doc. No. 1-2). Petitioner appealed that decision. In response to Petitioner's appeal, the BOP Regional Director also advised Petitioner that he is unable to apply any FSA credits because he is the subject of a final order of removal. (*See* Doc. No. 1-3). In his appeal to the Central Office, Petitioner stated that if a final order exists, he would like a copy of the order, but if one does not exist then he should be receiving FSA credits "considering I have been participating in the courses offered." (Doc. No. 1-4).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" habeas petitions lacking merit on their face under 28 U.S.C. § 2243).

The First Step Act established a system whereby eligible inmates can participate in evidence-based recidivism reduction programs to earn time credits to reduce their prison time. *See generally* 18 U.S.C. § 3632. Under the FSA, an eligible inmate can earn 10 days of time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 days during those 30 days if (1) his recidivism-risk rating is minimum or low, and (2) his risk of recidivism has not increased for two consecutive recidivism assessments by the

-2-

BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).

The FSA further provides, however, that a "prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" *See* 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2) (stating that for any inmate eligible to earn FSA credits "who is . . . [s]ubject to a final order of removal . . . the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release"). Because Petitioner is subject to a final order of removal, he is ineligible to apply time credits under the FSA. *See Regla-Araujo v. Warden, FCI Elkton*, No. 4:25-cv-544, 2025 WL 1532498, 2025 U.S. Dist. LEXIS 101686, *5 (N.D. Ohio May 29, 2025) ("Based on the plain language of the statute, petitioner is ineligible to apply FSA time credits because he is subject to a final order of removal.").

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

*s/Dan Aaron Polster*          3/13/2026
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**
